## Fetherson Unemployment Compensation Case.

Argued September 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leon Rosenfield,* with him *Albert M. Roth,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., November 16, 1961:

This is an appeal by Shirley Fetherson from a decision of the Unemployment Compensation Board of Review denying her compensation. The board found that claimant was ineligible for benefits under section 402(e) of the Unemployment Compensation Law, because she used obscene language to her supervisor within hearing of some other employes.

Section 402 of the Unemployment Compensation Law, 43 P.S. §802(e) provides in part: "An employee shall be ineligible for compensation for any week—(e) In which his unemployment is due to his discharge . . . for willful misconduct connected with his work, . . .," The appellant concedes that the use of obscene language constitutes "willful misconduct". *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765 (1957). However, she contends that

there was no credible evidence from which the board could make such a finding.

There is no merit to this contention. An examination of the record reveals that the supervisor testified that claimant used foul and obscene language. While he refused to repeat the language used by claimant, he did write it on a piece of paper, which was entered as an exhibit, and testified: "That was said to me, my wife and everybody in the shop at the top of her lungs." This is competent evidence to support the board's finding.

The claimant denied using obscene language. However, it is well settled that the credibility of witnesses is for the board, and that the party in whose favor the board has found should be given the benefit of every inference which can logically and reasonably be drawn from the testimony. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

The order of the Unemployment Compensation Board of Review is affirmed.