## JOE SKORCZ AND J. H. HAMLEN & SON, INC. *v.* MARY HOWIE, ADM'X ET AL

5-4358                                        421 S. W. 2d 874

Opinion delivered December 4, 1967

[Rehearing denied January 15, 1968.]

*Wright, Lindsey & Jennings* and *Dean R. Morley,* for appellants.

*Dale Price* and *J. W. Barron Sr.,* for appellees.

PAUL WARD, Justice. This is an action for damages resulting from a collision between a "log truck" and a "gravel truck", where the driver of the gravel truck was killed.

*The parties.* Appellants are: Joe Skorcz (called Joe) and J. H. Hamlen & Son, Inc. Joe was driving his own log truck. Appellees are: Mary Howie, 'Adm'x of the estate of Jimmy Dale Hudson, deceased, who was driving the gravel truck, and Silas Kincaid who owned the gravel truck.

*The issues.* One is whether Joe was an "agent" of Hamlen. The other is a question of negligence, or what caused the collision.

Appellees sued appellants alleging Joe caused the collision, and that he was an agent of Hamlen & Son, Inc. A jury trial resulted in a verdict in favor of appellees on both issues.

*Some additional undisputed facts.* On January 21, 1966 Joe was driving his truck loaded with logs in a westerly direction toward Little Rock on Highway 40. He was delivering the logs to Hamlen. Joe's truck consisted of two connected units—the tractor and a trailer, joined together by a three or four inch metal pipe which ran from the wheels on the rear end of the trailer to the tractor. The logs on the trailer extended over onto the back portion of the tractor.

On the same day and time the deceased (Hudson) was driving the empty gravel truck (with a trailer) on the same highway in the same direction but to the rear of Joe.

The truck driven by the deceased ran into the rear end of Joe's truck, causing the collision and resulting damage.

On appeal two main issues or questions are raised. One pertains to the status of Joe—was he an independent contractor or was he an agent of Hamlen? Two, is there substantial evidence to support the jury verdict?

*One.* It is our conclusion that Joe was an independent contractor, and there is no substantial evidence to support a finding he was an "agent" of Hamlen.

Hamlen, engaged in manufacturing wood products, purchased the timber of certain specifications on a certain tract of land. He contracted with Joe to cut, and deliver to his place of business in Little Rock, the timber

for $35 per thousand feet. Joe, who had thirty-five years' experience in this nature of work, used his own mules, tractors, chain saws, loading machine, and trucks. He had three employees, was not financed in any way by Hamlen who did not handle or assist in handling Joe's payroll or records. There is not, and cannot be, any question about Joe being an independent contractor under above stated facts.

Appellees, in attempting to show Joe was removed from the above category and became an agent, rely upon the following facts disclosed by the record. About once a week a representative of Hamlen visited the tract to see if the operation was confined within proper boundary lines; if all trees of proper size were being cut; if stumps were too high, and if usable logs were being left. The record also reveals that Hamlen would tell Joe where to unload the logs when they were delivered at the yard in Little Rock. Appellees also rely on certain testimony tending to show Hamlen might have been able to discharge Joe if he refused to do the things, mentioned above, as directed by Hamlen or his agent, and also on the fact that Hamlen and Joe had no written contract.

We find no merit in any of the above contentions on the part of appellees. In the case of *J. L. Williams & Son, Inc.* v. *Hunter*, 199 Ark. 391, 133 S. W. 2d 892, we find this language:

> "It is common knowledge that hundreds of logging operations throughout the state are constantly handled under contract, both oral and written, which leave to the performing party complete independence in effectuating the purposes of such contract."

In *Pine Woods Lumber Company* v. *Cheatham*, 186 Ark. 1060, 57 S. W. 2d 813, the pertinent facts were similar to those here—where the contractor cut and sawed trees into lengths directed by appellant's foreman, this Court held the trial court was not warranted in submitting

employer-employee question to the jury. See also, to the same effect, *Moore and Chicago Mill & Lumber Company* v. *Phillips,* 197 Ark. 131, 120 S. W. 2d 722, and *Rice* v. *Sheppard,* 205 Ark. 193, 168 S. W. 2d 198.

*Two.* A closer question is presented with regard to what caused the collision. Appellant presents an excellent and exhaustive brief to show the verdict (of liability by Joe) is ''based on demonstrably false evidence and is contrary to the physical facts''. We agree with appellants' contention (supported by citations) that substantial evidence is a question of law; that jury verdicts must not be based on conjecture or speculation, and; that, in some instances, physical facts outweigh oral testimony.

Here, it appears, appellant relies heavily on two general grounds. One, the testimony of appellees' witness, James C. Young, must be disregarded and, two, the physical facts show the gravel truck (driven by deceased) ran into the rear of Joe's truck, causing the accident.

Young testified that he was an eyewitness to the accident; that the log truck ''seemed to start stopping in the road and logs spilling all over the road and dump truck [gravel truck] coming pretty fast so he tried to swerve, hit his brakes and he couldn't miss it'', and that he was certain the logs started coming off the log truck before the dump truck ran into it.

For the purpose of this opinion, and to avoid unnecessary details, we admit that the jury could have very easily disbelieved the above testimony and particularly other of his testimony. He was in a truck traveling east and was something like a half mile away from the accident when it happened. He says he went immediately to the scene of the accident and stayed some forty minutes, but didn't see a policeman who was admittedly there. However, it is established that his truck was there. The jury could have found he was present.

Appellants' main contention however appears to be that the undisputed physical facts show the accident could not have happened like Young said it did. Put another way, appellants contend the physical facts show that the gravel truck must have hit the log truck and caused the accident. This contention is principally based upon the following undisputed facts: (a) the connecting rod (joining the trailer to the tractor) was broken; (b) Joe was severely hurt by the collision, and; (c) the cab on the gravel truck was demolished. The inescapable conclusion is drawn by appellants therefore that the said damages could not have occurred unless the gravel truck hit the log truck while it was traveling, in normal condition, along the road.

For reasons presently stated we are unable to agree with appellants' contention.

(a) The connecting rod on Joe's truck was broken at the point where it had been broken once before, and was re-welded. The jury saw pictures of the broken rod and could have found it was defective. They also could have found that vibration of the heavily loaded truck caused it to break. (b) They could have also found that the severe jolt (causing injury to Joe) was the result of the break in the connecting rod. This rod was bent, and part of it struck the pavement (as shown by pictures). This might have stopped the speed of the truck and thereby caused the logs to plunge forward against the cab in which Joe was seated. It is not denied that the logs extended onto the tractor. (c) Likewise the jury might have reasonably found that (even if the accident happened like Young said it did) the logs remaining on the truck could have caused the damage to the cab of the gravel truck.

We also point out that when the case was tried before the jury model trucks were used to demonstrate how the accident happened—an aid which we do not have. Taking all these things into consideration we are

unwilling to say the jury verdict was not supported by substantial evidence.

*Three.* The jury fixed the amount of damages as follows: $60,000 for the widow; $1,100 for the estate, and $5,277 for damage to Kincaid's truck.

It is contended by Hamlen that the judgment in favor of the widow is excessive by pointing out that she is only eighteen years old; that she was married in August 1964; that she has no children, and that she is working and living with her parents. Hamlen, of course, will not be liable to pay the judgment. We are therefore in no position, and are unable, to say the verdicts are excessive.

The cause is reversed in part and affirmed in part, and it is remanded for the trial court to enter judgment consistent with this opinion.

HARRIS, C. J., GEORGE ROSE SMITH and BYRD, JJ., dissent as to the affirmance.