Theodore PARKER *v.* RAMADA INN and Charles
DANIELS, Director, State Department
of Labor

78-119                                          572 S.W. 2d 409

Opinion delivered October 30, 1978
(Division II)

*Legal Aid Bureau of Central Arkansas,* by: *Ralph Washington,* for appellant.

*Thelma M. Lorenzo,* of Employment Security Division, for appellee, Charles Daniels.

CONLEY BYRD, Justice. Appellant Theodore Parker, following his discharge as cook for the Ramada Inn, North Little Rock, applied for unemployment compensation benefits. He candidly admits that he was employed as a cook by the Ramada Inn for the 2:00 p.m. to the 10:30 p.m. shift and that after working seven consecutive days he overslept on the 8th day until 6:30 or 7:00 p.m. He did not contact his employer until the next day when he reported for work at which time he learned that the employer had employed another cook and that the employer considered him discharged. The Employment Security Division denied appellant benefits under Section 5(b)(1) [Ark. Stat. Ann. § 81-1106(b)(1) (Repl. 1976)], which provides:

"For all claims filed on and after July 1, 1973, if so found by the Director an individual shall be disqualified for benefits:
(a) . . .
(b) DISCHARGED FOR MISCONDUCT. (1) If he is discharged from his last work for misconduct in connection with the work . . . ."

The denial of benefits to appellant was affirmed by the Appeals Tribunal, the Board of Review and the Circuit Court. For reversal appellant contends that the finding of the Board of Review is not supported by substantial evidence and that the employer defaulted by failing to respond to Employment Security Dvision inquiries and by failing to appear at the Appeals Tribunal hearing. We find no merit to either contention.

With respect to procedure, the Employment Security Act, Ark. Stat. Ann. § 81-1107(d)(4) (Repl. 1976) provides:

"(4) Procedure. The Board of Review, appeal tribunals and special examiners shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before such tribunals shall be conducted in such manner as to ascertain the substantial rights of the parties. . . ."

Consequently, it appears that appellant's counsel in contending that appellant should win by default has failed to read the Employment Security Act in its entirety before proceeding with appellant's claim.

Likewise the Employment Security Act, Ark. Stat. Ann. § 81-1107 (d) (7) (Repl. 1976), provides that the findings of the Board of Review are conclusive on appeal if they are supported by substantial evidence. Consequently, appellant's contention is actually reduced to a legal argument that a single incident of missing work due to oversleeping is not misconduct within the meaning of the Employment Security Act. A single incident of missing work has ordinarily been considered misconduct within the meaning of Employment Security laws when the failure to report and appear for work involves a disregard of standards of behavior which the employer has a right to expect. See *Watts v. Employment Security Agency*, 80 Idaho 529, 335 P. 2d 533 (1959), involving a log scaler and *Powell v. Com., Unemployment Comp. Bd.*, 31 Pa. Comwlth. 512, 377 A. 2d 206 (1977), involving a security guard. Consequently, we cannot say that appellant's conduct did not, as a matter of law, involve a violation of a standard of behavior that a restaurant operator had a right to expect. As noted in the recent case of *Harris v. Daniels, et al*, 263 Ark. 897, 567 S.W. 2d 954 (1978), judicial review is limited to a determination as to whether the Board reached a reasonable conclusion based on the evidence before it. To say the least, a question of fact was presented to the Board of Review on which it could have found either way.

Appellant acknowledges that his presence might be vital to the employer's operations but contends that there is not a scintilla of evidence to support such a finding. We find no merit to this contention. It is common knowledge that a cook is essential to the operation of a restaurant and while the rec-

ord does not show that appellant was the only cook, the record does show that appellant's position was important enough to his employer that a replacement was promptly employed.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.