STAGECOACH MOTEL *v.* Maevaughn KRAUSE
and Commissioner of Labor, State
of Arkansas

CA 79-105                                593 S.W. 2d 495

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*M. Morrell Gathright,* for appellant.

*Thelma M. Lorenzo,* for appellees.

JAMES H. PILKINTON, Judge. This is an unemployment compensation case. Appellee worked for the Stagecoach Motel on a permanent, full-time basis from November 1977 until August 1978 when she was discharged. Following her discharge, appellee accepted temporary employment during the Christmas season at K-Mart and at the race track for the duration of the racing season. She filed a claim for unemployment benefits on May 2, 1979, stating that she had been discharged by appellant Stagecoach Motel for failing to collect room rent in advance from a guest who left without

paying. While employed by Stagecoach, appellee was the afternoon shift desk clerk. All of the desk clerks were to obtain payment from guests for their room in advance when registering. In the case of guests staying over for another day, the afternoon desk clerk had the primary responsibility of contacting the guest and obtaining payment in advance of their staying over. If the afternoon desk clerk was unable to contact the guest or obtain payment, the manager was to be contacted.

The incident triggering appellee's discharge involved a motel guest named Woodall who paid for one night's rent when he checked in on Sunday. He stated then that he did not know how long he would be staying. Each day of that week thereafter, he paid for one night in advance until Friday. Appellee tried unsuccessfully to contact Woodall on Friday. Ms. Krause claims she told the manager, Richard Sampo, on either Friday or Saturday that she had not been able to contact Woodall to obtain payment. In any event, appellee as well as the morning shift clerk continued to try to contact Woodall, but without success. On Sunday, after again trying to contact Woodall, Ms. Krause attempted to telephone the manager at his home to report the continuing problem. She testified that she repeatedly telephoned him at one-half hour intervals, but got no response. Ms. Krause also says that she drove to the manager's house when she got off from work at 10:30 p.m. on Sunday to apprise him of the situation, but did not stop because there were no lights in the house and she thought the manager had retired for the night. Appellee called the manager early Monday morning at the motel office, and advised him of the situation, but by that time Woodall had left the motel without paying for Friday, Saturday and Sunday. Ms. Krause was discharged the same day for failure to follow the policy of the employer.

The Employment Security Division denied compensation. The agency held that "failure to follow the policy of the employer is an act against the employer's best interest." Ms. Krause appealed the denial, and the Appeals Tribunal reversed, the Referee holding that there was not a sufficient showing of deliberate conduct against the employer's best interest. The Board of Review adopted the decision of the

Appeals Referee as the decision of the Board, and affirmed the allowance of compensation. The employer has appealed to this court from the decision of the Board of Review.

## I.

Appellant first claims that the decision of the Board of Review is based upon a misstatement and misapplication of the law. It is argued that under Ark. Stat. Ann. § 81-1106(b)(1) disqualification attaches if an individual is discharged from his last work for misconduct in connection with the work, and that a showing of *deliberate* misconduct is not required.

The general rule is that misconduct (within the meaning of the Unemployment Compensation Act excluding from its benefits an employee discharged for misconduct) must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of his employees. 76 Am. Jur. 2d, *Unemployment Compensation,* § 52. 26 ALR 3d 1356. See also *Parker* v. *Ramada Inn,* 264 Ark. 472, 572 S.W. 2d 409 (1978); *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W. 2d 954 (1978). Consequently, in the case before us we cannot say that appellee's action did, as a matter of law, constitute misconduct within the meaning of the statute. A question of fact was presented to the Board of Review on which it could have found either way.

## II.

Appellant next points out that the Appeals Referee refers to some matters as *undisputed* when they were in fact disputed, and appellant also complains about the manner in which the Appeals Referee conducted this hearing and made his findings. It is clear from the record that the Referee did ask a great number of very leading questions, and in some instances he came close to placing words in the mouth of the claimant while she was testifying. Appellant points out that the Board of Review carried such matters forward when it adopted the findings and decision of the Appeals Referee as its own.

With respect to procedure, the Employment Security Act, Ark. Stat. Ann. § 81-1107(d)(4) (Repl. 1976) provides:

> The Board of Review, appeal tribunals and special examiners shall not be bound by the common law or statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before such tribunals shall be conducted in such a manner as to ascertain the substantial rights of the parties . . .

Under the statute, unless the hearing is conducted in such a way as to make it impossible to ascertain the substantial rights of the parties, we cannot properly reverse on procedure. The actions complained of did not go that far in this case.

## III.

Appellant next argues that subsequent to her discharge, appellee worked for K-Mart during the Christmas season and at the race track during the racing season and, therefore, her last employment was not with appellant. The evidence shows that the K-Mart and race track jobs were temporary, and cannot be considered appellee's last employment for unemployment purposes. There is substantial evidence in the record to support the finding of the Board of Review that appellee's last employment for unemployment benefit purposes was with Stagecoach Motel.

## IV.

All points considered, the main question on this appeal is whether there was substantial evidence to support the decision of the Board of Review that appellee was entitled to unemployment benefits under the Arkansas Employment Security Act. Even though there is evidence in this record upon which the Board of Review might have reached a different result, the scope of our judicial review is limited. *Harris* v. *Daniels, supra.* A reviewing court is not privileged to substitute its findings for those of the Board of Review even though the court might reach a different conclusion if it had made the original determination upon the same evidence

considered by the board. *Harris* v. *Daniels, supra.,* and *Parker* v. *Ramada Inn et ux, supra.*

Since we find substantial evidence to support the board's action, the judgment is affirmed.

Affirmed.