## ST. VINCENT INFIRMARY *v.* ARKANSAS EMPLOYMENT SECURITY DIVISION, and Charles L. DANIELS, Director of Labor, State of Arkansas, and Theresa LOCKHART and Helen WILLIAMS

E 80-31                                                    609 S.W. 2d 675

Court of Appeals of Arkansas
Opinion delivered December 23, 1980

*House, Holmes & Jewell*, by: *Anne E. Owings*, for appellant.

*Herrn Northcutt*, for appellees.

JAMES H. PILKINTON, Judge. This is an unemployment compensation case. Appellees were discharged from their employment with St. Vincent Infirmary on October 4, 1979. They were employed in a child day care center operated by St. Vincent. The appellant contends that appellees were guilty of misconduct in accordance with Section 5(b)(1) of the Arkansas employment security law, which provides:

". . . [a]n individual shall be disqualified for benefits:

(b)(1) If he is discharged from his last work for misconduct in connection with the work. . . ."

It is well settled that in order for an employee's action to constitute "misconduct" it must ". . . be an act of wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of his employees." *Stagecoach Motel* v. *Krause*, 267 Ark. 1093, 593 S.W. 2d 495 (1980); see also 76 Am. Jur. 2d, *Unemployment Compensation*, § 52; 26 ALR 3d 1356; *Parker* v. *Ramada Inn*, 264 Ark. 472, 572 S.W. 2d 409 (1978).

At the time of their discharge, Ms. Lockhart was employed as the secretary of the day care center, and Ms. Williams was a day care aide in the center.

Ms. Lockhart was discharged for a series of events occurring between October 1 and October 3, but particularly on October 3. The director was away from the center for part of the day on October 3. Ms. Lockhart engaged in personal business most of the day, visiting in the office with Ms. Williams and other employees, trying on blouses, and going over to the hospital to get food for herself and some of the other employees. Sometime between 1:00 and 1:45 in the afternoon, Ms. Lockhart left the grounds of St. Vincent Infirmary with Helen Williams and remained absent until about

fifteen minutes to three that afternoon. Both Ms. Williams and Ms. Lockhart failed to clock out, which violated a well-established and generally known policy at the center. Ms. Williams and Ms. Lockhart refused to state where they had gone during this time, but admitted it was for personal business. They claimed they were gone only an hour, from 1:45 until 2:45, but there is evidence to the contrary.

Ms. Williams was discharged for her misconduct on October 3. As a day care aide for small children, she was supposed to supervise the children closely. Instead of staying out on the playground with her co-worker and her charges, she visited with Ms. Lockhart in Ms. Lockhart's office, ate a snack, and generally disregarded her duties. As stated above, she left the premises during the most crucial period of the afternoon, from 1:30 to 2:30. It was well known by her and the other employees at the center that this time of day was especially important, because day children were being picked up and evening shift children were being left off; and children were waking up from their naps and needed attention. Under established policy, no employee who had charge of children was permitted to leave at this time unless it was her regular lunch break or unless she received special permission. And only the cook took a regular lunch break at this time.

After a thorough investigation of the facts on October 4, 1979, Ms. Carol Lawrence, director of the child care center, made the decision to terminate both employees for serious misconduct. When appellees later applied for benefits, the initial determination of the Employment Security Division was that they were disqualified. The claimants appealed, and after a hearing the appeals referee reached a decision that the claimants had been discharged for "reasons other than misconduct" and directed St. Vincent Infirmary to pay unemployment benefits. That decision was affirmed by the Board of Review, which adopted the opinion of the referee. St. Vincent Infirmary brings this appeal from the decision of the Board of Review.

The Arkansas Employment Security Act provides that individuals are disqualified for eight weeks of employment security benefits if they are discharged from their work for

"misconduct in connection with the work." Ark. Stat. Ann. §
81-1106(b)(1) (Repl. 1976).

Ark. Stat. Ann. § 81-1107(d)(7) provides "in proceed-
ings under this subsection (relating to an appeal to the Court
of Appeals) the findings of the Board of Review as to the
facts, if supported by evidence and in the absence of fraud,
shall be conclusive, and the jurisdiction of said court shall be
confined to questions of law."

Whether the findings of the Board of Review are sup-
ported by substantial evidence is a question of lag, and this
court may reverse a finding of the Board of Review which is
not supported by substantial evidence. *Harris* v. *Daniels*, 263
Ark. 897, 567 S.W. 2d 954 (1978).

We have been favored with splendid briefs by both
appellant and appellees; and the case has also been argued
orally. After a careful study of the record we have concluded
there is no substantial evidence to support the decision of the
Board of Review that appellees were discharged for "reasons
of misconduct." Therefore this case must be re-
versed.

It is undisputed that both appellees left the hospital
grounds without permission, and without clocking out; that
they were absent during the busy periods of the day; the time
when they were gone, regardless of the length, did not corres-
pond with appellees' normal lunch period; and their absence
placed the day care center in violation of regulations concern-
ing the ratio of adult employees to the number of children
present.

Appellees rely on *Willis Johnson Co.* v. *Daniels*, 269 Ark.
795, 601 S.W. 2d 890 (1980). As there stated, the statutory
disqualification for unemployment benefits for misconduct
should not be so literally construed as to effect a forfeiture of
benefits by an employee *except in clear instances of misconduct*.
The case at bar is distinguished from *Willis Johnson Co.* v.
*Daniels, supra*. Here we have clear instances of misconduct on
the part of both discharged employees and an absence of any
substantial evidence to show that they were discharged for any

reason other than misconduct in connection with their work. The actions on their part, which led to their discharge, were intentional, and displayed a substantial disregard of the employer's interests, and of the employees' duties and obligations. The record contains no evidence to the contrary. In *Willis Johnson Co.* v. *Daniels, supra*, we affirmed because in that particular case we found substantial evidence to support the result reached by the Board of Review. In the case before us now we must reverse because we cannot find substantial evidence to support the conclusion reached by the Board of Review that appellees were discharged "for reasons other than misconduct."

Reversed.

FLOWERS, J., dissenting.

HAYS, J., not participating.