VICTOR INDUSTRIES CORPORATION *v.*
Charles L. DANIELS, Director of Labor
and Ronnie GATES

E 80-123                                611 S.W. 2d 794

Court of Appeals of Arkansas
Opinion delivered February 25, 1981

*James A. McLarty*, for appellant.

*Thelma Lorenzo* and *Bruce Bokony*, for appellees.

LAWSON CLONINGER, Judge. In this unemployment compensation benefits case, the employee, appellee Ronnie Gates was discharged by the employer, appellant Victor Industries Corporation, for excessive absences from work. This appeal is from a finding by the Employment Security Division, which was upheld by the Appeals Tribunal and Board of Review, that appellee was entitled to benefits because he was discharged for reasons other than misconduct connected with the work.

The only issue is whether the finding that appellee's absences did not constitute misconduct, as defined by the Arkansas Employment Security Act, is supported by substantial evidence.

We find that the decision is not supported by substantial evidence and we reverse.

Appellee worked for appellant for six years when he was discharged on March 10, 1978, for excessive absenteeism under a labor agreement which provided:

> An employee may lose all seniority and may be discharged without warning if he: ... (d) is irregular in attendance or a chronic absentee, viz: has an average of one day weekly for three months regardless of reason ...

At the time of his employment, appellee was given an Employees Information Handbook which he acknowledged receiving and reading, the relevant parts stating:

> Good attendance and promptness is essential from a financial point of view and for job security ... Certain acts have been designated at this plant as prohibited. Intentional performance of any of these acts may subject you to dismissal or suspension. .. Excessive absenteeism which is defined as (a) unexplained or unreported absences for as many as three or more working days spread over any six-month period, or (b) an average of one day's absence weekly for any three month period regardless of reason (excluding granted leaves of absence).

It is not disputed that appellee was absent during his final thirteen weeks of his employment a total of twenty-two working days, or thirty-six percent of the time. Ten of the absences were never reported, and one was reported the following day; the remainder were reported shortly before the beginning of appellee's scheduled workday, six of them being reported forty minutes or less before appellee's shift was to begin.

Appellee's personnel director testified that appellant makes toothpaste tubes, and that it takes a full crew to run a production line; that if there are absences the company has to try to get a replacement from over a three-county area, and to find a skilled worker who is available on short notice is difficult. He stated that the company has a sick leave policy, and if a leave is requested and verified the company grants it; that appellee made no sick leave request; and that appellee had been a good and conscientious worker.

Appellee testified that he missed the days because he was sick, and that each time he was sick he called appellant; that he did not really know when to call when he was sick, and thought that if he called in an hour and ten minutes before his shift began the company could get someone else to do his job; that he was a press operator, and that the company has production helpers who can run his press, but that another

qualified operator had to show them what to do; and that he knew he was missing too many days.

The first paragraph of the Employment Security Act declares that the measure is created for the benefit of persons unemployed through no fault of their own. Ark. Stat. Ann. § 81-1101 (Repl. 1976). The Act should not be extended to protect a person unemployed through fault of his own, as fault is defined in subsequent sections of the Act.

Ark. Stat. Ann. § 81-1106 (Repl. 1976) provides that an individual shall be disqualified for benefits,

(b)(1) ... if he is discharged from his last work for misconduct in connection with his work.

Ark. Stat. Ann. § 81-1107 (d)(7) (Supp. 1979) provides that the findings of the Board of Review as to the facts are conclusive on appeal if they are supported by evidence. The definition of evidence in this context has been extended by the courts to mean substantial evidence. *Terry Dairy Products Company, Inc.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1955). Substantial evidence is valid, legal, and persuasive evidence; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Partlow* v. *Arkansas State Police Commission*, 271 Ark. 351 (1980). Whether the evidence is substantial is a question of law. *Skorcz* v. *Howie*, 243 Ark. 640, 421 S.W. 2d 874 (1967).

We find that appellee was discharged through fault of his own making, and that his excessive absences constituted misconduct as defined by the Employment Security Act. He had been an employee of appellant for six years; and not only had he been placed on notice that good attendance was essential in the plant; he knew that his skills at his position made it difficult to replace him on short notice. Appellee made no report at all of ten of his absences, in direct violation of the company policy that an employee was subject to dismissal if he had as many as three unexplained or unreported absences over any six-month period; and he was absent a total of twenty-two working days when company policy limited him to thirteen. We find his

absences amounted to willful disregard of the employer's rules, and a disregard of the standard of behavior which the employer had the right to expect of him. These derelictions constitute misconduct. *Stagecoach Motel* v. *Krause*, 267 Ark. 1093, 593 S.W. 2d 495 (Ark. App. 1980). *Willis Johnson Company* v. *Daniels*, 269 Ark. 795, 601 S.W. 2d 890 (Ark. App. 1980).

In the case of *Parker* v. *Ramada Inn*, 264 Ark. 472, 572 S.W. 2d 409 (1978), the Board of Review had found that a cook was properly discharged for misconduct because he missed one day's work out of eight. The Arkansas Supreme Court upheld the finding and noted:

> ... a single incident of missing work has ordinarily been considered misconduct within the meaning of the employment security laws when the failure to report and appear for work involved a disregard of standards of behavior which the employer has a right to expect ... consequently, we cannot say that appellant's conduct did not, as a matter of law, involve a violation of the standard of behavior that a restaurant operator has a right to expect. ..

We find that appellee's conduct in the instant case, as a matter of law, involved and violated a standard of behavior that the appellant had a right to expect.

Reversed.

GLAZE, J., and MAYFIELD, C.J., dissent.

TOM GLAZE, Judge, dissenting. The appellant's sole contention on appeal is that the Board of Review's decision is not supported by substantial evidence. The findings of the Board of Review are conclusive on appeal if supported by substantial evidence. *Parker* v. *Ramada Inn*, 264 Ark. 472, 572 S.W. 2d 409 (1978). From a careful review of the record, I can find no merit in appellant's contention, and I feel in holding otherwise that we are placing this court in the position of being a trier of facts, a role which under prior

case law clearly has been delegated to the Appeal Tribunal and the Board of Review in unemployment benefit cases.

The appellant in his argument relies on three Arkansas cases, and it is important to note that in each of these cases, the court affirmed the Board of Review's findings and decision. First, the case of *Stagecoach Motel* v. *Krause*, 267 Ark. 1093, 593 S.W. 2d 495 (Ark. App. 1980) is cited by appellant. The claimant in that cause was terminated by her employer for failure to follow the employer's policy. The employer owned a motel and required his desk clerks, including the claimant, to collect room rent in advance, and, if unsuccessful, the clerk was to notify the employer. The claimant failed to do so on one occasion, and although she claimed that she had tried to contact her employer about it, she was unable to do so. The employer discharged claimant for violating his policy, contending claimant's act or misconduct was against the employer's best interests. The Board of Review held against the employer and this court agreed, holding that a question of fact was presented to the Board on which it could have found either way.

The next case relied on by appellant is *Parker* v. *Ramada Inn, supra*. The facts before the Board of Review in *Parker* involved a cook who was discharged by the employer after the cook failed to report to work. The cook had worked seven days, and he overslept on the eighth day. The Board found the cook's failure to report was misconduct and denied benefits. Again, the court on review held that a question of fact was presented to the Board and refused to reverse the Board's finding.

The third case argued in appellant's brief is *Coker* v. *Daniels*, 267 Ark. 1000, 593 S.W. 2d 59 (Ark. App. 1980). The claimant in *Coker* was discharged because of a history of absences due primarily to a lack of transportation. From the evidence presented to the Board of Review, the Board denied benefits to the claimant, and as was true in *Parker* and *Stagecoach Motel*, the court on review affirmed the Board's findings as being supported by substantial evidence.

Finally, the case of *Willis Johnson Company* v. *Daniels*,

269 Ark. 795, 601 S.W. 2d 890 (Ark. App. 1980) was recognized by appellant in oral argument but not cited in its brief. In *Willis Johnson*, the claimant was discharged by his employer for misconduct, the employer alleging the claimant would not adhere to an itinerary. The evidence was in conflict, and the Board of Review found for the claimant, stating he did not knowingly or willingly act against the best interest of his employer.

On review, this court affirmed the Board's decision and Judge Pilkington, speaking for the majority, stated this court's role when considering unemployment compensation cases:

> . . . If this court was entitled to make the original determination of this case upon the same evidence considered by the Board of Review, we would probably reach a different conclusion and hold that this employee was not eligible to receive unemployment benefits; however, we are not privileged to substitute our findings of fact for that of the Arkansas Employment Security Board of Review.

In the case at bar, we have the same duty as the court in the cases reviewed above, i.e., to determine if there was substantial evidence before the Board of Review to sustain its findings. In the instant case, the issue is whether the actions of the claimant as reflected in the record can sustain the Board's finding of no misconduct under the Arkansas Employment Security Act. Misconduct has been best defined by our court in the *Willis Johnson* case as follows:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations.

In the instant case, Gates was described by the appellant, his employer, as a very conscientious worker, who often worked through his rest break and part of his lunch break to make sure his machine was in shape and that production could be carried out. Gates was an employee of appellant's for more than six years, and there is no evidence that he had problems of sickness or absenteeism in prior years. There is no disagreement that Gates was sick during the three month period in which he was absent twenty-two days. Although Gates did not call his employer every day he was absent, he did call one or more times during each period he was ill. There was no evidence that a replacement for Gates was obtained or that the appellant's work was curtailed due to Gates' absence.

From this evidence above, it is difficult, even if I were the trier of fact, to conclude how Gates manifested wrongful intent, evil design or an intentional substantial disregard of appellant's interest. Of course, I am not the trier of fact and neither is this court on review. The Board found, in view of conflicting evidence and arguments, that Gates' conduct was not of evil design or an intentional substantial disregard of appellant's interests.

Appellant strongly contends that Gates deliberately violated its rules and acted in disregard of the standard of behavior which appellant has a right to expect of its employees. Appellant admits, however, that it had no rules or policy in effect which served as a guide for what is expected of an employee if he will be absent, e.g., there were no rules which indicated when notice of absence was to be given, to whom it was to be given or how (in what manner) it was to be given. Actually, the Board of Review could have found Gates did more than what appellant expected. In any event, the Board did conclude from the evidence that Gates' actions did not reach the level of misconduct under the unemployment act, and we should not substitute our findings for those of the Board.

There is no question that appellant was permitted to discharge Gates because of excessive absenteeism as that term was defined in the contract between appellant and the

Union. However, misconduct under the Arkansas Employment Security Act and as defined in *Willis Johnson* is not the same term or level of conduct as that intended under the Union contract. Regardless of whether our determination on the evidence may have been different is unimportant. The Board made its decision, and there was substantial evidence in the record on which it based that decision. I believe that the court's holding in this case is reached by erroneously substituting our findings for the Board's and in this respect is inconsistent with all of the cases cited by both the appellant and appellee.

For the above reasons, I respectfully dissent.

I am authorized to state that Chief Judge Mayfield joins in this dissenting opinion.