Catherine SIMS *v.* William F. EVERETT,
Director of Labor

E 81-185                                    621 S.W. 2d 229

Court of Appeals of Arkansas
Opinion delivered September 23, 1981

Appellant, *pro se.*

GEORGE K. CRACRAFT, Judge. The appellant, Catherine Sims, formerly lived in Arkansas but moved to Anchorage, Alaska, to accompany her husband who was in the armed forces. She obtained employment as a teacher upon arrival in Alaska in September of 1980. She was terminated from that employment in January of 1981 because she did not have certain credits required for teacher certification in that state.

She therefore enrolled in the University of Alaska in January and was taking the required three courses on Tuesdays, Wednesdays and Thursdays. The Tuesday and Wednesday classes were night classes, but her Thursday class began at 1:00 p.m. and continued until 3:00 p.m.

She made application for unemployment benefits while seeking other employment. She was initially disqualified by the agency as not able and available for work and appealed that determination to the Appeal Tribunal.

The tribunal found that her chances of finding work were greatly restricted due to the fact that she did have one day of classes in the afternoon, and if she found a daytime job those classes would prevent her from accepting employment. The tribunal declared her ineligible on finding that she was not fully able and available for work. The evidence touching on this point was as follows:

Referee: If you got a job that required you to give up your schooling, would you do so?

Claimant: The one that, yes because it's just that one class that I would . . .

Referee: Okay so all you'd have to do is just give up the one class.

Claimant: Right.

On her appeal from a determination of the tribunal, she stated to the Board of Review:

> I am willing to drop the 1:00 p.m. class if I'm offered a job. I need this class for certification to get a teacher position, but I will drop this class. The evening class would not interfere with my availability to work. The afternoon class could be rescheduled.

The Board of Review adopted the finding of the referee and affirmed his conclusion that she was ineligible because she was not fully able and available for work.

The basis for her disqualification was clearly stated to be that she was unavailable for work on the afternoon that she had classes. It is clear that she stated to both fact finding bodies that she would drop that class if it interfered with her work or if she was offered a job. There was nothing else in the record touching on the question of her availability.

The sole question for this court to determine on appeal from the Board of Review is whether there is substantial evidence to support the Board of Review's finding that the appellant was not fully able and available for work. *Oxford v. Daniels*, 2 Ark. App. 200, 618 S.W. 2d 171 (1981). Substantial evidence is valid, legal and persuasive evidence; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Victor Industries Corporation v. Daniels*, 1 Ark. App. 6, 611 S.W. 2d 794 (1981).

We find no substantial evidence to support the finding of the Board of Review that this appellant was not fully able and available for work. To the contrary, the only evidence before it was to the effect that she would make herself available for offered employment by dropping the Thursday afternoon course which the agency determined to be the only impediment.

Reversed.