Alma MURPHY *v.* William F. EVERETT, Director
of Labor, and QUIK MART #8

E 81-304                                   635 S.W.2d 301

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Legal Services of Northeast Arkansas,* by: *Janet Pecquet,*
for appellant.

*Alinda Andrews,* for appellees.

LAWSON CLONINGER, Judge. Claimant, Alma Murphy,
was denied unemployment benefits by a decision of the
Arkansas Board of Review. The Board found that claimant
had voluntarily quit her last work without good cause
connected with the work, which is a disqualification for
benefits under the provisions of Ark. Stat. Ann. § 81-1106 (a)
(Supp. 1981).

The pertinent portion of the Board of Review's findings
of fact is as follows:

. . . the evidence indicated that the claimant initiated
her terminated (sic) when, upon hearing that the
management had applied for a beer license, she refused

to sell beer and would quit. She stated, though, that she would continue to work until the beer was put on the shelves. The record also indicated that the claimant was not happy with the new management. She testified that since they were hiring new girls, she didn't see any reason to stay and learn new ways when she would be leaving in a few days. Consequently, the claimant called her employer and resigned on June 3, 1981, before the beer was put on the shelf and without any statement from the employer that she was being discharged.

The evidence before the Tribunal establishes that claimant was an employee of Quik Mart, a convenience store in McCrory. Some time before claimant's last day of employment the employer had made application for a permit to sell beer. Claimant advised the employer that she would not work in a store selling beer because of her religious principles. Shortly before claimant's termination the employer fired the store manager and hired a new one. The new manager brought in two new women to take the place of claimant and the one other woman who had been working there. At the request of the employer, claimant agreed to stay on a few days to train the new employees, but claimant knew she was being terminated. After the new store manager arrived, claimant was told by the district manager that the store had its license and would have the beer on the shelves within a week. When the new manager came in, she said, "I'm bringing in my girls and getting all my girls because I've already got them hired." The new manager hired two girls who had worked for her at another store, which was a full crew for the store where claimant worked. After the claimant had put in the time the store allowed to train new girls, she quit.

The findings of the Board of Review are conclusive on appeal if they are supported by the evidence. Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981). The definition of evidence in this context has been extended by the courts to mean substantial evidence, *Terry Dairy Products Co., Inc.* v. *Cash*, 224 Ark. 576, 275 S.W.2d 12 (1955) and whether the evidence

is substantial is a question of law. *Skorcz* v. *Howie*, 243 Ark. 640, 421 S.W.2d 874 (1967).

We find no substantial evidence to support the decision of the Board, and the findings of fact by the Board do not support its conclusions. The Board found that claimant initiated her termination when, upon hearing that beer was going to be sold in the store, she stated that she would quit. Claimant testified that she would not work in a store where beer was sold because of her religious principles, and she was entitled to so refuse. In *Sherbert* v. *Verner*, 374 U.S. 398 (1963), the United States Supreme Court held that unemployment compensation benefits may not be conditioned upon the sacrifice of a constitutionally protected right. That principle was affirmed recently in *Thomas* v. *Review Board of the Indiana Employment Security Division*, 101 S. Ct. 1425 (1981).

The only reasonable conclusion which can be drawn from all the evidence is that, aside from the religious issue, claimant was fully aware that she was going to be laid off within a matter of days. She had stayed on only because the employer asked her to train the new employees, and her willingness to cooperate cannot now be used to defeat her request for unemployment benefits.

The decision of the Board of Review is reversed, and the case is remanded with instructions to award benefits to claimant.

MAYFIELD, C.J., concurs.