Phillip T. Whiteaker, Judge, concurring. I agree with the majority that substantial evidence supports the Arkansas Board of Review’s decision. I write separately, however, to express concern about the adversarial tone of the questioning by the hearing officer for the Arkansas Appeal Tribunal. Under Arkansas Code Annotated section 11 — 10—526(a)(1) (Repl. 2012), the Appeal Tribunal is not bound by common law or statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before the tribunal shall be conducted in such manner as to ascertain the substantial rights of the parties. Moreover, the Arkansas Code of Judicial Conduct applies to members of the administrative law judiciary. See Ark.Code Jud. Conduct Part I.B (Application). “A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.” Ark.Code Jud. Conduct R. 2.2 (2014) (emphasis added). In this case, I believe that the hearing officer’s line of questioning went beyond merely ascertaining the substantial rights of the parties; it became confrontational and 17accusatory, taking on the tenor of cross-examination at times. The appellant, Charles Holmes, was the only person to testify, as the employer did not participate in the hearing to present its version of events. On several occasions, however, as Holmes was attempting to explain his absences from work, the hearing officer interrupted him to ask pointed, almost prosecutorial questions, appearing to attempt to discredit him. Although the weight and credibility of the evidence are for the administrative agency to determine, see Beeson v. Landcoast, 43 Ark. App. 132, 862 S.W.2d 846 (1993), the fact-finder must be careful not to take on the role of an adversary in considering and assessing that evidence. Under section 11-10-526(a)(1), unless the hearing is conducted in such a way as to make it impossible to ascertain the substantial rights of the parties, we cannot properly reverse on procedure. See Stagecoach Motel v. Krause, 267 Ark. 1093, 593 S.W.2d 495 (Ark.App.1980). Because it is not “impossible” in this case to ascertain the rights of the parties, this court’s decision to affirm is the correct one. I would simply caution all hearing officers in this state to be mindful that they must be impartial arbiters, not prosecutors.