WADE *v.* THORNBROUGH, COMM. OF LABOR.

5-2001                               330 S. W. 2d 100

Opinion delivered December 21, 1959.

*J. Gayle Windsor, Jr.,* for appellant.

*Luke Arnett,* for appellee.

J. Seaborn Holt, Associate Justice. Appellant, Lillian Wade, brings this appeal from a judgment of the Pulaski County Circuit Court denying her claim for unemployment compensation under the provisions of our Employment Security Act, — Sections 81-1101—81-1122, Ark. Stats., 1947 (Cumulative Supplement). The circuit court reviewed and affirmed the action of the Arkansas Board of Review which had denied appellant's claim for benefits because she was disqualified under the provisions of Section 5 (e), of the Employment Security Act (Sec. 81-1106 (e) Ark. Stats.), for the reason that she voluntarily left her last employment to perform customary household duties. Appellees are the Commissioner of Labor, Administrator of the Employment Security Division, and the AMF Cycle Company, appellant's former employer. Material facts are not in dispute.

Appellant testified that she last worked for AMF Cycle Company on May 10, 1958 and that she quit work on that date "because my children had the measles and I couldn't get a leave of absence. I asked for a month's leave of absence but Mr. Railey, our personnel **manager,** said he couldn't get me a leave for that long. It was about a month and a half before all of them got over the measles. My husband was working and I couldn't get anybody to take care of them. Mr. Railey told me that as soon as I got to where I could work, to call him. I called him on September 22, 1958, and he said he didn't have anything to do now and he would let me know when he had work. I didn't call sooner because the children were out of school during the summer. * * * He said if I was sick, I could get leave, but for sick children or my husband, I couldn't get a leave."

Appellant says, "The Commissioner erred as a matter of law, in that he applied the wrong section of the statute in determining appellant's eligibility for unem-

ployment benefits. Instead of disqualifying the claimant under Sec. 81-1106 (e) of the Act, pertaining to female claimants who leave jobs to marry, perform customary household duties, follow their husbands, or because of pregnancy; appellant instead should have been held eligible for benefits under the provisions of Sec. 81-1106 (a), which exempts claimants from disqualification if they voluntarily leave their jobs because of an urgent personal emergency.''

On the record before us, the facts being undisputed, a question of law is presented. Appellee says: ''The appellant (Lillian Wade) makes only one contention for a reversal in this case in that the Commissioner erred as a matter of law in that he applied the wrong section of the statute in determining claimant's eligibility for unemployment benefits. Instead of disqualifying her under Sec. 81-1106 (e) of the Act pertaining to female claimants who leave work to perform customary house duties, * * * that appellant should have been held eligible for benefits under proviso of Sec. 81-1106 (a).''

Section 81-1106 (e) provides that an individual shall be disqualified for benefits — ''5 (e) (1) If a female claimant voluntarily leaves her work to marry or perform customary household duties. Such disqualification shall continue until she has had 30 days of paid work subsequent to the date of her separation.'' Mrs. Wade earnestly contends that she did not quit her work to ''perform customary household duties'' within the meaning of this section, but that she quit because of a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification and that she is relying upon the provisions of Sec. 81-1106 (a) (cited as Section 5 (a)) the relevant portions being: ''(An individual shall be disqualified for benefits:) '5 (a) If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall be for eight weeks of unemployment . . . Provided . . . no individual shall be disqualified under this subsection if after making reasonable efforts to preserve his job rights

he left his last work *because of a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification.' ''* We have reached the conclusion that appellant is correct in her contention. We cannot agree with appellees' contention that when Mrs. Wade's five children contracted measles and that when she quit work to care for them, that it amounted to nothing more than one of the customary household duties imposed upon her, as a mother, to perform; rather, we think that she was confronted, in effect, with a personal emergency of such "compelling urgency that it would be contrary to good conscience to impose a disqualification" and therefore, she was justified in quitting her work on May 10, 1958 and was not disqualified for benefits under this section.

Finally, appellees contend that Mrs. Wade is barred from asserting any claim for the reason that she failed to file any during the time of the personal emergency. In this connection, appellees say: ''* * * when the claim was filed, no personal emergency was claimed to exist or had existed for the past three months, and therefore, proviso of Sec. 81-1106 (a) was not involved, as no emergency existed and had not existed for three months. It is unquestioned in the record that during all the period of time between May 10 and September 23 claimant was performing household duties, and that Sec. 81-1106 (e) should be invoked at least after about June 25 and she continued to remain at home to perform household duties at a time no personal emergency existed.'' We do not agree with this contention for the reason that we find no requirement, expressed or implied, in section 5 (e) above that a claim must be filed during the emergency nor at any particular time thereafter. The reason for Mrs. Wade's separation from her work and not the speed of filing her claim determines the actual eligibility of a claimant.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.