Alice E. Petery, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*H. Joseph Flynn,* with him *Trigg & Flynn,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 8, 1979:

Alice E. Petery (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) disallowing a further appeal from a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act)[1] for willful misconduct. We affirm.

The referee found:

1. Claimant was last employed by Lancaster County Office of the Aging as an activities coordinator at an annual salary of $9,031.00. She had been employed for 1 year and her last day was March 21, 1977.

2. On February 24, 1977 claimant participated in a meeting with her supervisor at which time her duties, performance and possible changes of personnel and claimant's duties were discussed. The Executive Director requested that all discussions be kept confidential.

3. On March 21, 1977 claimant wrote a letter to the Executive Director informing him that she had spoken with center personnel regarding her presence and performance and as a result she was given a choice of resigning or being terminated.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant argues that she did not violate the directive given to her by her supervisor; that her conduct amounted at most to a misunderstanding of the directive and not willful misconduct; and that she did not violate a standard which the employer had a right to impose. We will address these issues seriatum.

Claimant admits the directive given to her at the close of the meeting with her supervisor was to keep confidential "the things discussed at this meeting." Claimant reflected upon the directive for a few days and then determined that she would discuss her job performance, which was a topic at the meeting with fellow employees. This unilateral decision was made without request of or consultation with the employer. It is clear to this Court that there is substantial evidence of record including Claimant's testimony that she violated the directive given to her by her employer.

The definition of willful misconduct[2] indicates that before the actions of an employee can constitute willful misconduct, the employee must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense detrimental to his employer's interests. The question is primarily a matter of degree, and the inquiry must be framed in terms of whether the employee's acts rise to the level of willful misconduct. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

---

[2] We have interpreted Section 402(e) of the Law with regard to willful misconduct as requiring (1) the wanton and willful disregard of the employer's interest; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an employer can rightfully expect from his employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

Employer testified that he had asked all persons present at the meeting to refrain from discussing the issues discussed at the meeting with other staff members. This request was reasonable in that Employer was worried about the effect of a leak on the morale of the employees. We have regularly held that a direct disregard of an employer's directive which is detrimental to employer's operation is willful misconduct. *Coral v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 183, 384 A.2d 1377 (1978).

The actions of Claimant in openly discussing matters which the employer deemed confidential violates that standard. Claimant's attempt to exempt her discussions from the seal of confidentiality because they concerned her personal performance is unsuccessful where, as here, the employer testified that all issues discussed at the meeting were confidential.

Claimant's final contention is that the employer did not have a right to impose the directive. She claims the topic of her job performance was not confidential nor was it reasonable to keep an employee from talking about job performance. We reiterate that confidentiality is a reasonable employer request where employee stability and morale could be adversely affected through the possibility of incomplete information. The employer did not exempt any topics from strict confidentiality and his explanation for such was reasonable.

Accordingly, we

### Order

And Now, this 8th day of May, 1979, the order of the Unemployment Compensation Board of Review at Decision No. B-148848, with mailing date of August 24, 1977, is affirmed.