Billy L. HALL *v.* Charles L. DANIELS,
Director of Labor and FAULKNER COUNTY
ROAD DEPARTMENT

CA 80-20                                    600 S.W. 2d 436
Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

MARIAN F. PENIX, Judge. Claimant was fired from his job by Faulkner County Road Department. He applied for unemployment benefits. The Agency allowed benefits, holding he was not disqualified under *Section 5(b)(1) of the Arkansas Employment Security Law.* The employer appealed and the Appeals Tribunal held the claimant to be disqualified for misconduct in connection with the work. The decision read "is disqualified under Section 5(b)(2) of the

Arkansas Employment Security Law as he was discharged from his last work for misconduct in connection with the work on account of a willful violation of the rules or customs of the employer pertaining to the safety of fellow employees or company property." The hearing was December 28, 1979. The claimant contends he did not receive the notice of such hearing because of a mix-up concerning his address. He was not present at the hearing. The employer's bridge foreman, Johnny Havens, was the only one to testify. A second hearing was held February 11, 1980, to afford claimant the opportunity to testify. He appeared in his own behalf and again Johnny Havens, bridge foreman, appeared for the employer. The second hearing resulted in claimant's again being disqualified for benefits because of misconduct. The Board of Review affirmed. The Claimant appeals.

The record reveals the claimant was driving a county truck. He had worked for the county approximately 14 months. He had been sent out to unstop a tile. Not finding a stopped up tile, the claimant reported the same to the bridge foreman. The claimant was told by the foreman Havens to go back to the old shop and bust up old wooden bridges.

Claimant testified he drove back to the county shop. The foreman stated Claimant spun the truck wheels and hit a post as he went through the county shop gate. Claimant admitted spinning the truck wheels but denied hitting the post and denied doing any damage to the county property — post or truck. At the county shop the claimant told Bill Fulton, the shop foreman, Havens had told him to forget about the bridge tile because the water was too high. He also told Fulton he was going to tear up the old bridges but was going to get something to eat first. Claimant went to a cafe about a mile from the shop. He testified it was the custom to go to a cafe and get something to eat during working hours without first securing permission of the foreman.

At the second hearing before the Appeals Tribunal, the Referee asked the foreman Havens:

Q. Mr. Havens, then you are saying that you fired him, let him go because it was reported to you that he was

abusive with the truck the way he drove it in the gate and also because he didn't go over there and start doing what you told him to do when he first got there.

A. Yes sir, that's all, I have nothing personal again — I had a job to do and I figured that was the way to get it done.

The Referee inquired of Havens if employees are told to handle county equipment with care. Havens replied that the employees are told to take care of the county equipment. He further stated that claimant's abuse of the county truck and gate post were reported to him by Bill Fulton and he did not have first hand knowledge of such abuse.

While the testimony of Havens as to the abuse of the truck is hearsay and by itself would not support the denial of benefits, when coupled with the testimony regarding the unauthorized 9:30 a.m. lunch break there is substantial evidence to support the decision of the Board of Review. In reviewing this case our function is to determine whether there is substantial evidence in the record to support the Board of Review's finding the claimant is disqualified from benefits because of misconduct. *Terry Dairy Products Co.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1955). Upon returning to the shop, Havens was informed the claimant had gone to eat. Havens stated this was a direct contravention of his orders. The foreman said he then went to the cafe, asked the claimant for the keys to the county truck, and told claimant to pick up his time. Havens said the claimant was fired for both abusing county property and failing to obey orders. The claimant's foreman had directed him to begin tearing up old bridges. Instead the claimant went to the cafe to get something to eat. There is substantial evidence to support the denial of benefits due to misconduct on the part of the claimant.

Affirmed.