Mary TURNER *v.* Charles L. DANIELS,
Director of Labor, and DONAVAN'S INN

CA E 80-71                                605 S.W. 2d 465
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

GEORGE HOWARD, JR., Judge. Claimant was denied unemployment benefits under Ark. Stat. Ann. § 81-1106(a) (Repl. 1976) on the grounds that she left her last work voluntarily and without good cause connected with the work.

Section 81-1106(a) in relevant part provides:

... [A]n individual shall be disqualified for benefits:

(a) ... If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall continue until, subsequent to filing his claim, he has had at least 30 days of paid work.

Provided no individual shall be disqualified under his subsection if, *after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification;* ... (Emphasis added)

On October 21, 1979, claimant advised her employer that her son had sustained an injury resulting in fractures to both legs and that her son would be confined to her home.

Claimant testified that Donna, one of her employers, "asked me did I need to quit for a while?"

Claimant further testified:

CLAIMANT: And I told her yes I did, but I didn't know how long I'd be off a work but I did want to come back to work when I got where I could and to my

knowledge I understood that was her way of giving me my leave. I don't know if it was or not.

REFEREE: Uh, huh. Well, did you ask her though if you might just have a leave of absence instead?

CLAIMANT: No I didn't. I was so tore up at the time, I just didn't really state it in that words, I just took it to believe. . .

The Appeals Tribunal, in affirming the denial of benefits, concluded that claimant quit her job in order to take care of her son without taking the necessary steps to request a leave of absence or making reasonable efforts to "preserve her job rights."

The Board of Review has affirmed the decision of the Appeals Tribunal.

While the record does not reflect that claimant specifically requested a leave of absence in order to protect her job rights, we are persuaded that it is clear from the exchange between the employer and the claimant regarding the injuries of her son and the necessity of her presence, during his confinement, clearly establishes that the employer and the claimant intended that claimant's departure would be temporary; and that as soon as her son had recovered to the extent that claimant could return to her employment, she could do so. In other words, we hold that there was substantial compliance with Section 81-1106(a) imposing a duty on an employee to take steps to preserve his job rights when he leaves his employment for a personal emergency in order to avoid disqualification for benefits.

Here, the employer, after being advised of claimant's personal emergency, voluntarily suggested that claimant needed "to quit for a while." The employer did not appear before the Appeals Tribunal and, consequently, claimant's testimony stands uncontradicted. We are persuaded that it would be contrary to good conscience to impose a disqualification under the circumstances existing here.

The evidence here falls short of the substantiality requirement and we, accordingly, reverse the holding of the Board of Review.

Reversed and remanded.