Alton HODNETT *v.* Charles L. DANIELS,
Director of Labor, and WILLAMETTE INDUSTRIES

E 80-132                                        609 S.W. 2d 172
Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*Kaplan, Brewer & Bilheimer*, by: *Peter A. Miller*, for appellant.

*Employment Security Div.*, by: *Herrn Northcutt* and *Carolyn Parham*, for appellees.

JAMES H. PILKINTON, Judge. Appellant, Alton Hodnett, was employed by Willamette Industries until January 31, 1980, at which time he was terminated due to lack of work.

Appellant filed a claim for unemployment benefits on February 5, 1980. The Employment Security Division denied his claim for benefits on February 21, 1980, because he was not seeking other work.

A timely appeal was filed with the Appeals Tribunal on February 25, 1980. A hearing was held on March 6, 1980, in Magnolia, Arkansas. Appellant appeared on his own behalf with one witness. Employer did not appear.

The Appeals Tribunal upheld the Agency's decision on March 12, 1980. The appeals referee found that appellant was not doing those things a reasonably prudent man would be expected to do to secure work within the meaning of Section 4(c) [Ark. Stat. Ann. § 81-1105(c) (Repl. 1976)] of the employment security law.

Appellant through his attorney appealed the decision of the Appeals Tribunal to the Arkansas Board of Review. The Board of Review affirmed and adopted the Appeals Tribunal decision on June 26, 1980.

A notice of appeal was timely filed with this court on July 11, 1980.

Ark. Stat. Ann. § 81-1107(d)(7) states, in part:

In any proceeding under this subsection the findings of the Board of Review as to facts, if supported by evidence

in absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

The Arkansas Supreme Court has stated, ". . . In a proceeding of this kind the Board's findings of fact are conclusive if supported by evidence; which of course means substantial evidence." *Terry Dairy Products Co., Inc.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1955).

This standard for review was reiterated by the Arkansas Supreme Court in *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978).

Section 4(c) of the employment security law states that an insured worker shall be eligible for benefits during any week only if:

(c) Such worker is unemployed, physically and mentally able to perform suitable work, and is available for such work. Mere registration and reporting at a local employment office shall not be conclusive evidence of ability to work, availability for work, willingness to accept work unless the individual is doing those things which a reasonably prudent individual would be expected to do to secure work.

The record shows that claimant-appellant's wife was ill, and he was deeply concerned about being layed off from work. Mr. Hodnett's supervisor, Mr. Hardaway, told him not to be concerned about the layoff since he could collect unemployment insurance. The following week the appellant spoke with the plant manager, Mr. Mark Robinson, and informed him that he wanted to continue working at least until he had paid some of the extensive hospital bills incurred as a result of his wife's illness. Mr. Robinson told the appellant not to worry about the hospital bills since he could pay them out of his unemployment compensation and that the company "would not fight the unemployment claim."

Shortly after appellant's dismissal, his daughter, who was living in Texas with her children, was killed and appellant had to go to Texas for several weeks to stabilize the

family situation. He then returned with his grandchildren to Magnolia, Arkansas. During and immediately after the family emergency, appellant was not able to seek employment. Appellant attempts to justify his failure to seek work by arguing that he was unable to seek employment because of a family emergency situation when his daughter was killed in Texas after he had left his job and this prevented him from looking for a job.

Appellant asserts that this personal emergency exception to Section 4(c) is set out in the case of *Wade* v. *Thornbrough*, 231 Ark. 454, 330 S.W. 2d 100 (1959). The Arkansas Supreme Court in the *Wade* decision found that a woman who quit her job *as the result* of a personal emergency was not disqualified for unemployment benefits based on Section 5(a) [Ark. Stat. Ann. § 81-1106(a)] of the employment security law. Section 5(a) of the Act does allow unemployment payments upon voluntary quitting if, after reasonable efforts to preserve job rights, a claimant leaves work due to a personal emergency of such nature and conpelling urgency that it would be contrary to good conscience to impose a disqualification. The personal emergency in the *Wade* case was five children with measles.

The *Wade* v. *Thornbrough* decision does not apply to appellant's situation. The *Wade* decision dealt with Section 5(a) of the law pertaining to the voluntary quitting of a job due to personal emergency. Appellant here was disqualified under Section 4(c) of the law for not actively seeking employment *after separation* from this previous employment. The Arkansas Legislature clearly expressed its intent to allow certain exceptions to eligibliity disqualification under Section 5(a) of the Statute. No such intent is shown under Section 4(c). Moreover there is no case law setting out an "emergency" exception to the search for work requirement of Section 4(c). This absence of exception to Section 4(c) is perhaps because the 4(c disqualification is strictly a week-to-week disqualification and can be overcome when claimant shows that he is available and is looking for work. This is apparently what happened in subject case since appellant did qualify for unemployment benefits on April 7, 1980.

Appellant also cites numerous cases which purport to hold that rejection by a claimant of prospective employment (or the failure to seek employment) does not necessarily disqualify him from receiving unemployment benefits if such rejection is for good cause. Each case cited dealt with the issue of a claimant rejecting *specific* employment and whether the rejection was for good cause. In the case at bar appellant did not look for employment during the period in question because of the family emergency. We are not aware of any cases which allow an exception to the availability or search for work requirement on the basis of "good cause" for personal reasons under Section 4(c).

We can agree with appellant's argument that a reasonably prudent person would not be expected to actively seek work under the circumstances this claimant faced from February 5, 1980, until he got his family together and settled. However, the crucial point is that appellant was not *available* for work during the period in question. He was making trips to Texas, getting his grandchildren settled, and doing other things which were necessary, but personal.

As there is substantial evidence to support the Board of Review finding that appellant was not available for work, within the meaning of Section 4(c), during the period in question, we must affirm.