Linda VALENTINE *v.* Peggy BARNES, Acting
Director of Labor, and McGEHEE INDUSTRIES

E 81-64                                    615 S.W. 2d 386

Court of Appeals of Arkansas
Opinion delivered May 13, 1981

No briefs filed.

GEORGE K. CRACRAFT, Judge. Appellant Linda Valentine's employment with McGehee Industries was terminated on October 2, 1980. The agency held her eligible for benefits under the Employment Security Act, and that determination was affirmed by the Appeal Tribunal. The Board of Review reversed the Tribunal's decision declaring her ineligible for benefits. We agree with the appellant that the Board of Review erred in that determination.

The facts are not seriously in dispute. The appellant was granted a maternity leave from her employment. After the birth of her child she received a certificate from the doctor permitting her to return to her employment on September 29, 1980. It was a policy of the company to grant such leaves of absence and to hold the position of the employee open for them on their return. On September 29, 1980, the appellant did return to work and worked that day. The next day she informed her supervisor that the baby was sick and that she would be back the following day.

On October 2, 1980, she informed the supervisor that the doctor had told her that it would be necessary for her to remain with the child until it was better and that she would be unable to return to work for a week or more. She thereupon asked for an extension on her leave of absence and was informed that under no circumstances could she be granted additional leave. The appellant stated that as she was not going to be granted a leave it appeared that she would have to terminate her employment. The supervisor said, "I hate for you to do it, but I have got to have somebody to run this line." The supervisor stated that she showed her as "terminated" because had she not quit, she would have been fired. There was in the record a notation of a telephone call with a Dr. L. K. Austin, concerning the extent of the baby's illness which reflected that "the child was very sick and that he did advise her that she needed to be with the baby until it was better," and that if any additional information or medical report was needed, to call him. It thus appears that the appellant's claim of personal emergency was corroborated by medical testimony. The question before the court is whether these circumstances excuse her from those penalties imposed upon one who voluntarily leaves his employment.

Ark. Stat. Ann. § 81-1106(a) (Supp. 1979) provides as follows:

> *Disqualification for benefits.* — For all claims filed on and after July 1, 1973, if so found by the Director an individual shall be disqualified for benefits:
>
> (a) *Voluntarily leaving work.* If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall continue until, subsequent to filing his claim, he has had at least thirty (30) days of employment covered by an unemployment compensation law of this State, or another state, or the United States.
>
> Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, *he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification;* or, if after making reasonable efforts to preserve his job rights, he left his last work because of his illness, injury, pregnancy or other disability. (Emphasis added.)

In this case the appellant contended that she did not quit her job for personal reasons, but to care for her infant child on the advice of her doctor.

The evidence further indicated that by seeking additional leave she had made reasonable effort to preserve her job rights. She then had to choose between leaving her sick infant unattended or quitting the job.

We reach the conclusion that this appellant was confronted with a personal emergency of such compelling urgency that it would be contrary to good conscience to impose a disqualification upon her, and that she was therefore justified in quitting her job on October 2nd and was not disqualified for benefits under this section. *Wade* v. *Thornbrough*, 231 Ark. 454, 330 S.W. 2d 100.

The decision of the Board of Review is reversed.