David TIMMS *v.* William F. EVERETT, Director of Labor, and THE TALLEY CORP.

E 82-113                                         639 S.W.2d 368

Court of Appeals of Arkansas
Opinion delivered September 22, 1982

Appellant, *pro se.*

*Alinda Andrews,* for appellees.

DONALD L. CORBIN, Judge. Claimant, David Timms, was found ineligible for unemployment benefits because he voluntarily left his last work without good cause connected with the work. We reverse and remand.

Ark. Stat. Ann. § 81-1106 (a) provides in part as follows:

> [A]n individual shall be disqualified for benefits . . . [i]f he voluntarily and without good cause connected with work, left his last work.

> Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification; . . . .

Claimant was employed as a machinist with the Talley Corporation in Newbury Park, California, making $6.50 per hour. Claimant's wife was pregnant but planned to leave Arkansas to join claimant in California. Claimant testified that his wife fell and asked him to come home because she

was afraid she might have injured the baby. In his written claim for benefits, claimant stated that there was no one to take care of his wife. Claimant asked his employer for a leave of absence but was informed that it could not be granted in less than two weeks after application was made. He then quit and returned to Arkansas.

"Even though appellant was the only witness at the hearing, the testimony of a party cannot be taken as undisputed. However, such testimony cannot be arbitrarily disregarded; there must be some basis for disbelieving it." *Butler* v. *Director of Labor*, 3 Ark. App. 229, 624 S.W.2d 448 (1981). We find nothing in the record to refute claimant's contention that he was faced with a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification.

In its decision, the Board of Review made a finding that claimant had not furnished the employer with a medical statement concerning the necessity of his return to Arkansas. Ark. Stat. Ann. § 81-1106 (a) does not require an individual to offer medical proof of a personal emergency to his employer; it requires the individual to make reasonable efforts to preserve his job rights. This court has held that an individual may preserve his job rights by requesting a leave of absence from his employer. *Valentine* v. *Barnes,* 1 Ark. App. 308, 615 S.W.2d 386 (1981), *Morse* v. *Daniels,* 271 Ark. 402, 609 S.W.2d 80 (1980), *Turner* v. *Daniels,* 270 Ark. 418, 605 S.W.2d 465 (1980).

We reverse and remand with directions to award benefits.