Elizabeth Ann POFF *v.* William F. EVERETT, Director
of Labor, and K-MART

E 82-268                                    648 S.W.2d 815

Court of Appeals of Arkansas
Opinion delivered March 30, 1983

*Banks, Ritchey & Kizer,* by: *Daniel G. Ritchey,* for
appellant.

*Bruce H. Bokony,* for appellees.

TOM GLAZE, Judge. This is an appeal from the Ark-
ansas Board of Review decision to deny appellant, Ann Poff,
unemployment benefits because she was discharged for
misconduct in connection with her work on account of
dishonesty. For reversal, appellant contends the Board's
finding was arbitrary, unreasonable and not supported by
substantial evidence.

The essential facts are not in dispute. For about two and
one-half years, Poff worked for K-Mart as its payroll clerk
and bookkeeper. Her responsibilities included handling
money and checks. During the months of January, February
and March, 1982, Poff wrote seven checks on her personal

account to K-Mart totalling $295. At Poff's request, K-Mart's cashier, Karen Sloan, did not include these checks in the store's nightly deposit because Poff did not have sufficient funds in her account to cover the checks. In fact, Poff had closed her account on December 7, 1981.

Apparently, the store's former manager, contary to company policy, allowed employees to purchase items at K-Mart when they had no funds. The employee gave the store's cashier an insufficient check for the item, told her to hold it and later advised the cashier to send the check through after money was placed in the account to cover it. Sometimes, the employee would "pick up the check" — presumably in exchange for cash in the amount of the check. Poff and Sloan admitted that they knew this practice was a violation of company policy. No problems arose, however, until the former manager left in May, 1981, and was replaced by a new manager, Frederick Booth. Booth eventually discovered the seven bad checks Poff had written which were held over a three month period. Because of these checks, she was discharged on March 30, 1982. K-Mart also discharged Sloan because of her involvement in holding and writing checks. No other employees were discharged.

Poff argues on appeal that the Board ignored the general rule that misconduct must be on account of wanton or willful disregard of the employer's rules and a disregard of the standard of behavior which the employer has a right to expect. *Stagecoach Motel v. Krause,* 267 Ark. 1093, 593 S.W.2d 495 (Ark. App. 1980). She urges that, at most, she made a mere good-faith error in judgment or discretion. We must disagree.

By Poff's own testimony, she admitted writing checks on a closed account and giving them to the cashier with instructions to hold them, knowing that such a practice was in violation of company policy. We find no merit in her argument that because the former manager allowed employees to contravene a known company policy, Poff's culpability or wrongful intent was in some way diminished when she performed such prohibited acts. Even if we accepted that argument (and we do not), there was no

evidence that indicated the new manager, Booth, condoned such practices. Booth had been K-Mart's manager for ten months when he first discovered that Poff and Sloan had checks held from the store's deposits. Although Booth said that he never questioned Poff's and Sloan's honesty, he testified further that the check practice employed by them was a misappropriation of corporate funds because it enabled them, without authority, to put company funds to their own use. We believe the evidence before the Board substantially supported its finding of misconduct. Therefore, we affirm.

Affirmed.