DILLAHA FRUIT COMPANY *v.* William F. EVERETT,
Director of Labor, and Clarence WILLIAMS, Jr.

E 82-304                                              652 S.W.2d 643

Court of Appeals of Arkansas
Opinion delivered June 22, 1983

*House, Holmes & Jewell, P.A.,* by: *Donna Smith Galchus,* for appellant.

*Alinda Andrews,* for appellees.

Tom Glaze, Judge. This is an Employment Security case in which the claimant was awarded benefits. On appeal, the employer contends the claimant is disqualified for benefits because he was discharged for misconduct in connection with the work. Because the Board of Review held claimant was terminated for reasons other than misconduct, the issue before us is whether there is substantial evidence to support the Board's decision.

In *Willis Johnson Co.* v. *Daniels,* 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980), our Court delineated the factors necessary to show misconduct:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations.

*Id.* at 799-800, 601 S.W.2d at 892-93.

Furthermore, Arkansas case law requires that misconduct must be on account of wanton or willful disregard of the employer's rules and a disregard of the standard of behavior which the employer has a right to expect. *Poff* v. *Everett,* 8 Ark. App. 83, 648 S.W.2d 815 (1983). Whether the acts of the employee are willful and wanton or merely result from inefficiency, unsatisfactory conduct, or unintentional failure of performance is a question of fact for the Board of Review. *Arlington Hotel* v. *Employment Security Division,* 3 Ark. App. 281, 625 S.W.2d 551 (1981). On appeal, the Board's findings are conclusive if they are supported by substantial evidence. *Parker* v. *Ramada Inn,* 264 Ark. 472,

572 S.W.2d 409 (1978). Stated in different terms, this Court cannot substitute its findings for those made by the Board even though we might reach a different conclusion on the same evidence which was before the Board. *See Stagecoach Motel* v. *Krause,* 267 Ark. 1093, 593 S.W.2d 495 (Ark. App. 1980). Guided by the foregoing principles, we now review the evidence which was before the Board.[1]

The claimant was employed as a truck driver and drove a route three days a week between Little Rock and El Dorado. His schedule required him to work Monday, Wednesday and Friday, and to be off each Tuesday and Thursday. Sometime before Monday, May 17, 1982, the claimant received a note from his supervisor instructing claimant to call regarding a change in his route. The new route was in Little Rock and required claimant to work six days a week. On May 17, he called the supervisor as directed. In talking with his supervisor about the new route, the claimant said that he wanted to discuss the matter with the president of the company. Claimant also indicated that he would be unable to work on Tuesday, May 18. In fact, it it undisputed that claimant called the employer daily, Monday through Thursday, advising the supervisor on each occasion that claimant would not be in the next day because of "personal business." By letter dated Friday, May 21, 1982, the supervisor notified the claimant that he was terminated.

Before the Appeal Tribunal and Board of Review, the employer argued the claimant's actions amounted to misconduct, thus disqualifying him for benefits. In essence, the employer contended the claimant's refusal to appear for work for four consecutive days was just cause connected with the employment to discharge him. Claimant countered, arguing that he merely had followed established procedure

---

[1]On appeal to the Board, the employer submitted affidavits and other documents never presented to the Appeal Tribunal. In *Smith* v. *Everett,* 6 Ark. App. 337, 642 S.W.2d 320 (1982), we held the Board could not consider such new evidence because the opposing party was never afforded the opportunity to cross-examine adverse witnesses. In the instant case, the Board, without an additional hearing, reviewed and considered the employer's new evidence. However, the Board, in affirming the Tribunal's decision, held in favor of the claimant; thus, we conclude no prejudice resulted from the improperly submitted evidence.

when absenting himself from work. He testified that to be absent from work all he had to do was call in advance and say he could not come in because he had personal business.

Claimant's supervisor admitted that the employer had no written or stated policy concerning employee absences. On the other hand, Mr. O. L. Thompson, a co-employee who worked for the company sixteen years, corroborated the claimant's testimony. Thompson said that when employees planned to be absent, the employer only required them to call in advance so it could arrange for substitute drivers. He further stated that employees were not compelled to explain why they would be absent. Expounding further, Thompson related that when his father died, he informed the employer that he would be "off a week . . . on personal business." He never called the employer again that week.

The employer offered evidence indicating that it never accepted "personal business" as a valid reason for missing work. In its argument, the employer also contends that claimant's actions (and inactions) infer that he refused to accept any change in his work schedule and intended to quit his job. While the evidence might reasonably support the inferences argued by the employer, there is ample evidence that directly and inferentially favors the claimant as well. For instance, claimant testified that he did not actually protest the new route assignment but did express that he wanted to talk to Mr. Lavender, the company president. Claimant also stated that, according to established procedure, he gave advance notice to his employer concerning each day he would be absent. He said that his absences were caused by problems he was experiencing due to an earlier job-related injury. Because employees had never been required to give specific reasons for absences, claimant testified he merely told the supervisor he had personal business instead of mentioning his physical ailment.

Although we may well have reached a different result on the evidence presented, we must give the successful party the benefit of every inference which can be drawn from the testimony, viewing it in the light most favorable to the successful party. *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W.2d

954 (1978). Here, the Board was presented substantial evidence from which it found that the claimant's actions were not misconduct. Accordingly, we affirm the Board's decision and award of benefits.

Affirmed.