Rosetta RIVERS v. Dewey STILES, Director of Labor

E 84-162                                    697 S.W.2d 938

Court of Appeals of Arkansas
Division II
Opinion delivered October 23, 1985

*Marilyn Rauch*, of *Central Arkansas Legal Services*, for appellant.

*George Wise, Jr.*, for appellee.

JAMES R. COOPER, Judge. ■ In this unemployment compensation case, the appellant was denied benefits by the Appeal Tribunal under Ark. Stat. Ann. Section 81-1106 (Supp. 1983) on a finding that she voluntarily quit her last work without good cause connected with the work. The Board of Review, which adopted the Appeal Tribunal's decision, found that the appellant had failed to demonstrate that her marital difficulties qualified as "a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification." On appeal, the appellant contends that the Board's decision is not supported by substantial evidence. We agree with the appellant, and reverse.

Section 81-1106(a) provides, in pertinent part:

> [A]n individual shall be disqualified for benefits: . . . If he voluntarily and without good cause connected with the work, left his last work . . . Provided no individual shall be disqualified under this subsection if, *after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification.* . . (emphasis added).

At the hearing before the Appeal Tribunal, the appellant, who was the only witness to testify, stated that she had been physically abused by her husband. She testified that the abuse had continued for some time, but that it had gotten worse in the five or six months prior to her quitting her job, and that, about a week before she quit, he had threatened her with a knife and a Coke bottle. She further testified that she and her husband argued on July 11, 1984, the night before she quit, that she called the police, and her husband threw her out of the house. She sought temporary shelter with a friend, but she was only able to stay there for a few days. She testified that she had been forced to leave town on a number of occasions prior to the incident on July 11 in order to allow her husband time to cool down. She also testified that her employer, who was not present at the hearing, had given her a four-day leave of absence in May, 1984, to try to work out her difficulties, requesting that she return at the end of that time to see if things improved. She did return after that leave of absence, but her marital condition continued to deteriorate. The appellant testified that the police had informed her that they could not help her and that she was unable to afford a lawyer to help her obtain a divorce. She also stated that she had tried unsuccessfully to find an apartment or house in Camden which she could afford on her own.

██ The Board found that such marital difficulties did not constitute a "personal emergency" as contemplated by the Act. We are aware that this Court must affirm the Board's decision if it is supported by substantial evidence. *Woods* v. *Employment Security Division*, 269 Ark. 613, 599 S.W.2d 435 (Ark. App. 1980). In the case at bar, we cannot find substantial evidence to support the Board's decision. While the appellant's testimony, though she was the only witness, cannot be taken as uncontradicted or undisputed, it cannot be arbitrarily disregarded; there

must be some basis for disbelieving it. *Timms* v. *Everett*, 6 Ark. App. 163, 639 S.W.2d 368 (1982).

The appellant's testimony clearly shows that her physical safety was jeopardized by being in close proximity to her husband; he had threatened her repeatedly, and she had been forced out of her home. It is equally clear that she believed, reasonably it appears, that the police would not help her and that she could not afford legal assistance. She had been unable to find another place to live in Camden which was within her financial means. Threats of physical abuse and ejection from one's home, sufficient to cause the appellant to seek shelter with others, clearly constitute a "personal emergency" under the Act.

While we have not previously decided whether this type of "domestic situation" can constitute a "personal emergency" sufficient to prevent disqualification from unemployment compensation benefits, other states have, in construing similar provisions, determined that such situations, when they jeopardize the well-being of the claimant, constitute such an emergency. *See Bacon* v. *Board of Review*, ___ Pa. Commw. ___, 491 A.2d 944 (1985). We agree with the reasoning in that case and hold that the Board erred in its finding that the appellant's situation did not constitute "a personal emergency of such nature that it would be contrary to good conscience to impose a disqualification."

However, that determination does not necessarily qualify the appellant for benefits. Not only must her situation constitute a "personal emergency," she must have also made "reasonable efforts to preserve her job rights." Ark. Stat. Ann. Section 81-1106(a). The Board did not address this issue, nor did the Appeal Tribunal. Because those agencies decided the case on the ground there was a lack of a compelling "personal emergency," it was not necessary for them to address this second point.

Therefore, since we find that there is no substantial evidence to support the Board's finding that the appellant's domestic situation did not constitute such a "personal emergency" as contemplated under the Act, we reverse; but, since the appellant must also demonstrate that she made reasonable efforts to preserve her job rights, we remand to the Board for further proceedings in accordance with this opinion.

Reversed and remanded.

CLONINGER and CORBIN, JJ., agree.